

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN, TEXAS

March 29, 1950

Hon. Jim W. Weatherby
District Attorney
38th Judicial District
Kerrville, Texas

Opinion No. V-1021.

Re: Legality of employing a sixteen year old minor to sell beer and wine in a licensed retail establishment.

Dear Mr. Weatherby:

Your request for an opinion reads as follows:

"It is desired that you give the undersigned your opinion as to whether or not a minor who is over sixteen years of age and under seventeen years of age may be employed in a place where beer and wine is sold, and who will sell beer and wine after such minor has been granted the right to work by the County Judge and in compliance with Article 5181, Revised Civil Statutes of Texas.

"It is my opinion that such infant would not be allowed to work in such place, although under Article 5181 the exceptions do not include the type of work which the minor is to pursue, and this opinion is based on the wording of Article 666-17, Section 5, Penal Code, which provides that an employee must be twenty-one years of age prior to selling, handling or dispensing liquor."

Article 5181, V.C.S., provides in part:

"Permit for Child to Work. Upon application being made to the County Judge of any county in which any child over the age of twelve (12) years shall reside, the earnings of which child are necessary for the support of itself, its mother when widowed, or in needy circumstances, or invalid father, or of other children younger than the child for whom the permit is sought, the said County Judge may upon the sworn statement of such

child or its parents or guardian, that the
child for whom the permit is sought is over
twelve (12) years of age, that the said
child has completed the fifth grade in a
public school or its equivalent, and that it
shall not be employed in or around any mill,
factory, workshop or other place where dan-
gerous machinery is used, nor in any mine,
quarry or other place where explosives are
used, or where the moral or physical condi-
tion of the child is liable to be injured,
and that the earnings of such child are nec-
essary for the support of such invalid parent,
widowed mother or mother in needy circum-
stances, or of younger children, and that
such support cannot be obtained in any other
manner, and that suitable employment has been
obtained for such child, which sworn state-
ment shall be accompanied by the certificate
of a licensed physician showing that such
child is physically able to perform the work
or labor for which the permit is sought, is-
sue a permit for such child to enter such
employment . . ." (Emphasis ours).

Subsections 5 and 21 of Section 17, Article
666, V.P.C., provide:

"(5) It shall be unlawful for any per-
son to employ anyone under twenty-one (21)
years of age to sell, handle, transport, or
dispense or to assist in selling, handling,
transporting or dispensing any liquor."

"(21) It shall be unlawful for any per-
son under the age of twenty-one (21) years
to import or possess for the purpose of im-
porting any alcoholic beverage into the State
of Texas. Any alcoholic beverage imported
into or possessed for the purpose of importa-
tion into the State of Texas by any person
under the age of twenty-one (21) years or
possessed in violation of Section 17(20) is
declared to be an illicit beverage and may
be seized without warrant unless otherwise
provided in this Act."

The following provisions are found in Section
19 of Article 667, V.P.C.:

"The Board or Administrator may cancel or suspend for a period of time not exceeding sixty (60) days, after notice and hearing, any license or any renewal of such license, upon finding that the licensee has:

"A.  If a Retail Dealer's Off-Premise License or Retail Dealer's On-Premise License: . . .

"8.  Employed any person under the age of eighteen (18) years to sell, handle, or dispense or to assist in selling, handling, or dispensing beer in any establishment where beer is sold at retail to be consumed on the premises where sold; or . . .

"B.  If a General Distributor's License, Local Distributor's License, or Branch Distributor's License: . . .

"12.  Employed any person under the age of eighteen (18) years to sell, deliver or distribute, or to assist in selling, delivering or distributing any beer; or . . ."

Among the definitions made in the Texas Liquor Control Act are:

"Art. 666-3a.

"(1)  'Alcoholic Beverage' shall mean alcohol and any beverage containing more than one-half of one per cent (1/2 of 1%) of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted.

"(5)  'Liquor' shall mean any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated. Proof that an alcoholic beverage is alcohol, spirits of wine, whisky, liquor, wine, brandy, gin, rum, ale, malt liquor, tequila, mescal, habanero, or barreteago, shall be prima facie evidence that the same is liquor as herein defined.

"Art. 667-1.

"(b) The term 'beer' means a malt beverage containing one-half of 1% or more of alcohol by volume and not more than 4% of alcohol by weight, and shall not be inclusive of any beverage designated by label or otherwise by any other name than beer."

Under the provisions of the Liquor Control Act, the Liquor Control Board or Administrator is authorized to cancel, or suspend for a period of time not exceeding sixty days, after notice and hearing, the license of any person authorized to sell beer upon finding that the licensee has employed any person under the age of eighteen years to sell, handle or dispense or to assist in selling, handling or dispensing beer in any establishment where beer is sold at retail to be consumed on the premises where sold. It is our opinion that the granting of a work permit to a minor by a County Judge under the provisions of Article 5181 will not prevent the exercise of the authority granted to the Board or Administrator in Article 667-19 of the Penal Code. The former is a general statute; the latter is specific and will control. With reference to beer, the controlling age is eighteen years. Wine is included in the definition of liquor under the terms of the Liquor Act. We think that the provisions in Article 666-17 apply to the selling and handling of wine. The controlling age with reference to wine is 21 years.

In Opinion No. 0-4536, written in a former administration of this office, the question of the right of an employer to hire a married female under eighteen years of age to handle beer was considered. This consideration was made in view of Article 4625, V.C.S., which provides:

"Every female under the age of twenty-one years who shall marry in accordance with the laws of this State, shall, from and after the time of such marriage, be deemed to be of full age and shall have all the rights and privileges to which she would have been entitled had she been at the time of her marriage of full age."

The following was stated in that opinion:

"It is apparent, we think, that the Legislature intended that no person under the age of 18 years could be employed to sell, handle or dispense or to assist in selling, handling, or dispensing beer in any establishment where beer is sold at retail to be consumed on the premises where sold, regardless of the marital status of such person. We think that by analogy the principles controlling the decisions above mentioned should have application here. Therefore, we respectfully answer the above stated question in the negative."

We adhere to the principle enunciated in the above opinion. Copies of opinions Nos. 0-4536 and 0-5088 are enclosed.

### SUMMARY

A person may not be legally employed to sell, handle, or dispense beer, or to assist in selling, handling, or dispensing such beverage, if under 18 years of age. Nor may a person be legally employed to sell, handle, or dispense wine, or to assist in selling, handling, or dispensing wine, if under 21 years of age. A permit issued by a County Judge to a minor under the provisions of Article 5181, V.C.S., will not legalize such employment.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Ned McDaniel
State Affairs Division

By Clyde B. Kennelly

Charles D. Mathews
Executive Assistant

Clyde B. Kennelly
Assistant

CBK:mw